THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DODO INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD PARKER, *et al.*, <br><br> Defendants. | CASE NO. C20-1116-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiffs' motions for substitute service (Dkt. Nos. 8, 14, 15). Having considered the motions and the relevant record, the Court hereby DENIES the motions for the reasons explained herein.

Plaintiffs' motions describe difficulty serving various Defendants and request that the Court allow Plaintiffs to serve those Defendants by mail or e-mail. (*See* Dkt. Nos. 8, 14, 15.) Although the motions purport to request similar relief, each cites different authority, much of which does not exist or the Court cannot identify, and none of which entitles Plaintiffs to the relief they request. Accordingly, the Court DENIES the motions.

Plaintiffs' first motion requests that the Court allow Plaintiffs to "serve the Defendants by mail to their home mailing address." (*See* Dkt. No. 8 at 3.) The proposed order clarifies that Plaintiffs request that the Court hold that service will be proper if Plaintiffs attach the summons and complaint to the door and mail an additional copy to Defendants. (*See* Dkt. No. 8-1 at 2–3.)

The only authority Plaintiffs cite is Federal Rule of Civil Procedure 60(e)(3), which does not exist. And Rule 60(e) does not address service. The proposed order refers to "Rule 107, Rules of Civil Procedure," (*see* Dkt. No. 8-1 at 3), but the Federal Rules of Civil Procedure do not contain a Rule 107. Accordingly, the Court DENIES the motion because it does not provide the Court with any authority showing Plaintiffs are entitled to the relief they request.

Plaintiffs' second motion (Dkt. No. 14) suffers from the same defects. In addition, although it purports to request the same relief as the first motion (with respect to different Defendants), it cites "Washington State Court Rule" 60(e)(3) and RCW 4.28.080(17), along with Federal Rule of Civil Procedure 60(e)(3). There is no single set of state court rules in Washington, and no set of rules entitled "Washington State Court Rules," so the Court cannot identify the state court rule Plaintiffs cite. To the extent Plaintiffs refer to Washington Superior Court Civil Rule 60(e)(3), that rule does not address service of the summons and complaint; it addresses service of a motion for relief from a judgment or order. *See id.* Further, that rule authorizes service by publication followed by a mailed copy of the documents; it does not authorize attaching the documents to the door. *See id.* Therefore, it does not entitle Plaintiffs to the relief they seek. The same is true of the statute Plaintiffs cite, which requires "leaving a copy [of the summons] at [a defendant's] usual mailing address with a person of suitable age and discretion who is a resident, proprietor, or agent thereof." Wash. Rev. Code § 4.28.080(17). The statute does not authorize attaching the documents to the door. *See id.* Accordingly, Plaintiffs' second motion (Dkt. No. 14) is DENIED.

Plaintiffs' third motion (Dkt. No. 15), which is upside down, cites some of the same authority addressed above and also cites Federal Rule of Civil Procedure 5(b)(2)(E). Unlike the other two motions, this motion requests that the Court authorize service by e-mail. (*See* Dkt. No. 15 at 3.) But service of the summons and complaint is governed by Rule 4, not Rule 5. *See* Fed. R. Civ. P. 4. Further, even if it did apply, Rule 5 authorizes service by electronic means only if the other party consents in writing. *See* Fed. R. Civ. P. 5(b)(2)(E). There is no evidence of that

ORDER
C20-1116-JCC
PAGE - 2

1  here. Therefore, this motion is also DENIED.

2  DATED this 9th day of October 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE