THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DODO INTERNATIONAL, INC, *et al.*, | CASE NO. C20-1116-JCC |
| Plaintiffs, | ORDER |
| v. | |
| RICHARD PARKER, *et al.*, | |
| Defendants. | |

This matter comes before the Court *sua sponte*. "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Thus, "courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

As the parties invoking the Court's diversity jurisdiction, Plaintiffs "bear[] the burden of . . . pleading . . . diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016). Plaintiffs allege that the Court has jurisdiction over this action because "the parties are diverse as Plaintiffs are citizens and residents of a foreign nation living abroad while all Defendants operate and or reside in the United States of America." (Dkt. No. 1 at 3–4.) But these allegations are insufficient to show that the Court has jurisdiction.

The Court has diversity jurisdiction over suits involving "citizens of a State and citizens

or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Section 1332(a) does not confer jurisdiction over suits in which "aliens [are] on both sides of the case."[1] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); *see also Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294–95 (9th Cir. 1989). Therefore, Plaintiffs were required to plead the citizenship of the parties and show that none of the defendants are aliens. Plaintiffs' jurisdictional allegations suffer from two defects.

First, most of Plaintiffs' allegations refer to the residence of various defendants, (*see* Dkt. No. 1 at 2–3), but "residency is not equivalent to citizenship," *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019). "[A] natural person's state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* Therefore, Plaintiffs' allegations about Defendants' residences are insufficient to plead diversity of citizenship.

Next, "[a] limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC*, 840 F.3d at 612 (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Accordingly, to properly plead diversity jurisdiction, Plaintiffs were required to plead "the citizenship of all of the members" of the defendant LLCs. *Id.* at 611; *see also* W.D. Wash. Local Civ. R. 8(a). Plaintiffs did not. Instead, Plaintiffs appeared to assume that an LLC is

---

[1] Section 1332(a)(3), by contrast, does confer jurisdiction over suits in which aliens are on both sides of the case, but only if there are also United States citizens on both sides. *See Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1298–99 (9th Cir. 1985).

ORDER
C20-1116-JCC
PAGE - 2

1  treated like a corporation for purposes of diversity jurisdiction and pleaded the defendant LLCs'
2  principal places of business and the states in which they were formed. (*See* Dkt. No. 1 at 2–3.)
3  Even so, "[d]efective jurisdictional allegations are not fatal." *NewGen, LLC*, 840 F.3d at
4  612. "Courts may permit parties to amend defective allegations of jurisdiction at any stage in the
5  proceedings." *Id.*; *see also* 28 U.S.C. § 1653. If "the information necessary to establish the
6  diversity of the citizenship of . . . [a] defendant[] [is] not reasonably available to [a] plaintiff,"
7  the plaintiff may "plead its jurisdictional allegations as to [that] defendant[] on information and
8  belief." *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014).

9  In addition to the deficiencies on the face of the complaint, the Court is concerned that
10 Defendant Klerson LLC may be a citizen of a foreign country. Although Klerson's corporate
11 disclosure statement identifies most of its members as individuals residing in the United States,[2]
12 it also identifies one of its members as "NGI Fund I, L.P., a Cayman-based fund." (Dkt. No. 12
13 at 2.) Like an LLC, "a partnership is a citizen of all of the states in which its partners are
14 citizens." *Johnson*, 437 F.3d at 899. To determine the citizenship of a limited partnership, the
15 Court must look to the citizenship of all of the partnership's general partners and limited
16 partners. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 192 (1990). If any of NGI Fund I, L.P.'s
17 general or limited partners is a citizen of a foreign country, Klerson LLC is also a citizen of that
18 country for purposes of diversity jurisdiction and Klerson's presence as a defendant may destroy
19 the Court's jurisdiction over this matter.

20 Finally, Defendant Law Office of Paul M. Donion LLC did not file a corporate disclosure
21 statement as required by Local Civil Rule 7.1.
22 //
23 //

---

[2] In this regard, the corporate disclosure statement suffers from the defect identified above because it does not identify the *citizenship* of Klerson's members. *See* W.D. Wash. Local Civ. R. 7.1(b).

ORDER
C20-1116-JCC
PAGE - 3

Accordingly, the Court ORDERS as follows:

1. Defendant Klerson LLC shall file an amended corporate disclosure statement that includes the citizenship of all of Klerson's members, including the citizenship of NGI Fund I, L.P., by January 8, 2021.
2. Defendant Law Office of Paul M. Donion LLC shall file a corporate disclosure statement that identifies its members and their citizenship by January 8, 2021.
3. Plaintiffs shall file an amended complaint that properly alleges diversity jurisdiction by January 13, 2021. The Court does not grant Plaintiffs leave to amend the complaint in any other way. The Court also DIRECTS Plaintiffs and Defendant Klerson LLC to meet and confer to determine whether Defendant Klerson LLC is willing to consent under Federal Rule of Civil Procedure 15(a)(2) to Plaintiffs amending the complaint to replace "Klerson LLC" with "Klersun LLC." (*See* Dkt. No. 12 at 1 (noting that "Klerson" is a misspelling of "Klersun").)

If Klerson LLC is a citizen of a foreign country, the Court will request additional briefing on how to proceed. *See Faysound*, 878 F.2d at 294 ("Where an alien is made co-defendant with a citizen-defendant by an alien plaintiff, *Boeing* is dispositive: there is no jurisdiction over the alien. If the alien defendant is indispensable, *Boeing* clearly implies, there is no jurisdiction at all."). If Klerson LLC is not a citizen of a foreign country and Plaintiffs adequately plead diversity jurisdiction, the Court will resolve the pending motions to dismiss. Accordingly, the Clerk is DIRECTED to renote Defendant Klerson LLC's motion to dismiss (Dkt. No. 13) and Defendant Paul Donion and Law Offices of Paul M. Donion's motion to dismiss (Dkt. No. 19) for consideration on January 13, 2021.

//
//
//

DATED this 30th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE