THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DODO INTERNATIONAL, INC., *et al.*, | CASE NO. C20-1116-JCC |
| Plaintiffs, | ORDER |
| v. | |
| RICHARD PARKER, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' motions seeking the Court's leave to serve several defendants by mail. (*See* Dkt. Nos. 24–29.) Having thoroughly considered the motions and the relevant record, the Court hereby GRANTS the motion with respect to Eugene Elfrank (Dkt. No. 25) and DENIES the motions with respect to the other defendants (Dkt. Nos. 24, 26, 27, 28, 29).

I.   **BACKGROUND**

This case involves a contract dispute regarding purchase and sale agreements for cannabidiol isolate. (Dkt. No. 41 at 6.) Plaintiffs previously sought the Court's permission to serve Defendants Isotex Health, LLC, Jason Cross, Eugene Elfrank, Richard Parker, and Alternative Resource, Inc. by mail and e-mail (Dkt. Nos. 8, 14, 15.) The Court denied those motions because Plaintiffs did not cite authority showing they were entitled to the requested relief. (Dkt. No. 21 at 1.) On October 28, 2020, Plaintiffs requested the Court's leave to serve the

ORDER
C20-1116-JCC
PAGE - 1

following Defendants by mail: Cypress Creek Ventures, LLC, Eugene Elfrank, Isotex Health, LLC, Jason Cross, Richard Parker, and Samuel Adams. (Dkt. Nos. 24–29.)

## II.     DISCUSSION

### A.     Legal Standard

A plaintiff may serve a defendant in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Here, Plaintiffs seek to proceed under Washington law. Under Washington law, the Court may not authorize service by mail unless Plaintiffs show that they made reasonably diligent efforts to personally serve Defendants, that service by publication would be justified under Washington law, and that Defendants are as likely to receive actual notice from service by mail as they would from service by publication. Wash. Sup. Ct. Civ. R. 4(d)(4); *Charboneau Excavating, Inc. v. Turnipseed*, 75 P.3d 1011, 1014 (Wash. Ct. App. 2003).

Washington permits service by publication in limited circumstances. *See* Wash. Rev. Code § 4.28.100. For example, service by publication is permitted when a Washington resident "keeps himself or herself concealed" within the state with the intent to "avoid the service of a summons." Wash. Rev. Code § 4.28.100(2); *see also Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. App. 2005) (service by mail is permissible upon Washington residents when they are attempting to evade service). Service by publication is also permitted when a nonresident defendant "has property [within Washington] and the court has jurisdiction of the subject of the action," Wash. Rev. Code § 4.28.100(3), and when the action is against a corporation "and the proper officers on whom to make service do not exist or cannot be found," Wash. Rev. Code § 4.28.100(8).

#### 1.     <u>Defendants Cypress Creek Ventures, LLC and Samuel Adams</u>

Plaintiffs request to serve Defendants Cypress Creek Ventures, LLC ("Cypress Creek") and Samuel Adams by mail. (Dkt. Nos. 24, 29.) Plaintiffs allege that Samuel Adams was the

1  managing partner for Cypress Creek and seek to serve Cypress Creek and Samuel Adams at a
2  UPS Store in Kirkland, Washington. (*See* Dkt. Nos. 41 at 3, 24 at 2–3, 29 at 2–3.)
3        Plaintiffs fail to establish that serving Samuel Adams by mail is permissible under
4  Washington law. First, Plaintiffs fail to show they made reasonably diligent efforts to serve
5  Samuel Adams. "[W]here a plaintiff possesses information that might reasonably assist in
6  determining a defendant's whereabouts, but fails to follow up on that information, the plaintiff
7  has not made the honest and reasonable effort necessary to allow for service by publication."
8  *Boes v. Bisiar*, 94 P.3d 975, 978–79 (Wash. Ct. App. 2004) (quoting *Brenner v. Port of*
9  *Bellingham*, 765 P.2d 1333, 1336 (Wash. Ct. App. 1989)). Here, Plaintiffs allege that Samuel
10 Adams is domiciled in Spokane, Washington, but their affidavits do not show that Plaintiffs
11 made any effort to locate and serve Samuel Adams in Spokane. (Dkt. No. 41 at 3.) Therefore,
12 Plaintiffs have not shown reasonably diligent efforts to serve him personally. *See Parkash v.*
13 *Perry*, 700 P.2d 1201, 1203 (Wash. Ct. App. 1985) (finding inadequate showing of due diligence
14 where plaintiff did not demonstrate efforts to contact defendant's employer or investigate
15 neighbor's statement that defendant had moved); *Canal Ins. Co. v. Mengeste*, 2019 WL 2491951,
16 slip op. at 2 (W.D. Wash. 2019) (finding failure to show reasonably diligent effort where
17 plaintiff did not demonstrate efforts to locate and serve defendant in Ethiopia after learning of his
18 relocation). Second, Plaintiffs fail to demonstrate the "circumstances justifying service by
19 publication." Wash. Sup. Ct. Civ. R. 4(d)(4); *see also* Wash. Rev. Code § 4.28.100 (listing
20 circumstances); *Boes*, 94 P.3d at 979–80 ("The affidavit must *clearly articulate facts* to meet the
21 required conditions . . . ."). The Court therefore DENIES Plaintiffs' motion for leave to serve
22 Samuel Adams by mail (Dkt. No. 29).
23       The Court also DENIES Plaintiffs' motion to serve Cypress Creek by mail (Dkt. No. 24)
24 because Plaintiffs have not demonstrated the "circumstances justifying service by publication"
25 under Washington Superior Court Civil Rule 4(d)(4). Washington provides an alternative route
26 for Plaintiffs to serve an LLC's registered agent by mail without the Court's prior authorization,

but Plaintiffs may do so only if they have been unable to serve the LLC's registered agent with reasonable diligence. *See* Wash. Rev. Code §§ 25.15.026; 23.95.450(2).

### 2. Defendant Eugene Elfrank

A process server attempted to personally serve Defendant Eugene Elfrank six times at his last known address in Clinton, Washington. (Dkt. No. 25 at 6.) The process server declares that during some of the service attempts, vehicles registered to Mr. Elfrank were present and somebody was inside the residence, but nobody answered the door. (*Id.* at 6–7) This affidavit shows that Plaintiffs have made diligent efforts to serve Eugene Elfrank, that Mr. Elfrank is a Washington resident, and that he is attempting to evade service of process. The Court therefore GRANTS Plaintiffs' motion for leave to serve Eugene Elfrank by mail (Dkt. No. 25). Plaintiffs must follow Washington Superior Court Civil Rule 4(d)(4) in serving Mr. Elfrank.

### 3. Defendants Isotex Health, LLC and Jason Cross

Plaintiffs also request to serve Isotex Health, LLC and Jason Cross by mail. (Dkt. Nos. 26, 27.) Plaintiffs attempted to serve Isotex Health, LLC by serving Jason Cross at his Texas residence, and the process server in Texas believes that Jason Cross is actively evading service. (Dkt. Nos. 26 at 5, 27 at 5.) However, Washington law does not permit service by publication under these circumstances. *See* Wash. Rev. Code § 4.28.100. Service by publication is available when a Washington resident evades service, Wash. Rev. Code § 4.28.100(2), but Jason Cross is not a Washington resident, (*see* Dkt. Nos. 26 at 2, 27 at 2). Service by publication is also available when a nonresident defendant has property in Washington and the court has subject-matter jurisdiction in the action, but Plaintiffs fail to establish those circumstances here. *See* Wash. Rev. Code § 4.28.100(3). Plaintiffs must show either that Washington law allows service by mail or that Texas law does. *See* Fed. R. Civ. P. 4(e)(1) (permitting service pursuant to state law "in the state where the district court is located or where service is made"). Plaintiffs have not done so for either Isotex Health, LLC or Jason Cross. Accordingly, the Court DENIES Plaintiffs' motions for leave to serve these defendants by mail (Dkt. Nos. 26, 27).

### 4. Defendant Richard Parker

Plaintiffs unsuccessfully attempted to serve Richard Parker at an address in Irvine, California. (Dkt. No. 28 at 5.) Plaintiffs allege that the process server communicated with the building's property manager, who confirmed that Richard Parker no longer resides at that address, but the process server's declaration does not include this information and Plaintiffs do not include any other affidavit that does. (*See id.* at 2.) Even if the Court were to consider this information, Plaintiffs have failed to demonstrate the "circumstances justifying service by publication." Wash. Sup. Ct. Civ. R. 4(d)(4); *see also* Wash. Rev. Code § 4.28.100 (listing circumstances); *Boes*, 94 P.3d at 979–80 ("The affidavit must *clearly articulate facts* to meet the required conditions . . . ."). Plaintiffs must show either that Washington law allows service by mail or that the law "where service is made" does. *See* Fed. R. Civ. P. 4(e)(1). Plaintiffs have failed to do so. Accordingly, the Court DENIES Plaintiffs' motion for leave to serve Richard Parker by mail (Dkt. No. 28).

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' motion for leave to serve Eugene Elfrank by mail (Dkt. No. 25) and DENIES Plaintiffs' motions for leave to serve Cypress Creek Ventures, LLC, Isotex Health, LLC, Jason Cross, Richard Parker, and Samuel Adams by mail (Dkt. Nos. 24, 26, 27, 28, 29). Plaintiffs must follow Washington Superior Court Civil Rule 4(d)(4) in serving Eugene Elfrank.

DATED this 19th day of February 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE