THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DODO INTERNATIONAL, INC., *et al.*,

                    Plaintiffs,

    v.

RICHARD PARKER, *et al.*,

                    Defendants.

CASE NO. C20-1116-JCC

ORDER

       This matter comes before the Court on Plaintiffs' motions to serve Defendants Samuel Adams and Cypress Creek Ventures, LLC ("Cypress Creek") by publication. (Dkt. Nos. 63, 64.) Having thoroughly considered the motions and the relevant record, the Court hereby DENIES both motions for the reasons explained herein.

I.      **BACKGROUND**

       Plaintiffs seek the Court's permission to serve Defendants Samuel Adams and Cypress Creek Ventures, LLC by publication. This is not the first time Plaintiffs have made such a request. Plaintiffs previously sought the Court's permission to serve five defendants by mail and e-mail, and the Court denied those motions because Plaintiffs did not cite authority showing they were entitled to that relief. (*See* Dkt. Nos. 8, 14, 15, 21 at 1.) Plaintiffs later sought the Court's permission to serve six defendants, including Samuel Adams and Cypress Creek, by mail. (Dkt.

1   Nos. 24–29.) The Court granted the motion with respect to one of the defendants because

2   Plaintiffs showed that they made diligent efforts to serve him and that he was evading service.

3   (Dkt. No. 44 at 4.) However, the Court denied the motions with respect to the other defendants.

4   (*Id.* at 5.) Relevant to the instant motion, the Court denied Plaintiffs' motion to serve Samuel

5   Adams and Cypress Creek by mail after Plaintiffs made only a single attempt to serve these

6   defendants at a UPS store and because Plaintiffs failed to show any effort to serve Samuel

7   Adams in Spokane, where Plaintiffs alleged he was domiciled. (Dkt. No. 44 at 2–4; *see also* Dkt.

8   Nos. 24 at 2, 29 at 2.) The Court also noted that under Washington Revised Code §§ 25.15.026

9   and 23.95.450(2), Plaintiffs do not need the Court's authorization to attempt to serve an LLC's

10  registered agent by mail when Plaintiffs have been unable to serve the LLC's registered agent by

11  other methods. (Dkt. No. 44 at 3–4.)

12       This time, Plaintiffs seek permission to serve Samuel Adams and Cypress Creek by

13  publication rather than by mail. (*See* Dkt. Nos. 63, 64.) Once again, the Court denies the

14  motions.

15  **II.   DISCUSSION**

16       A plaintiff may serve an individual in the United States by leaving a copy of the

17  summons and complaint with him personally, with someone of suitable age and discretion at his

18  home, or with his agent. Fed. R. Civ. P. 4(e)(2). Alternatively, a plaintiff may "follow[] state law

19  for serving a summons in an action brought in courts of general jurisdiction in the state where the

20  district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A plaintiff may serve a

21  domestic LLC in similar ways. *See* Fed. R. Civ. P. 4(h)(1). Here, Plaintiffs seek to proceed under

22  Washington law. (*See* Dkt. Nos. 63 at 2, 64 at 1.)

23       Washington allows plaintiffs to serve resident defendants by publication in limited

24  circumstances. *See* Wash. Rev. Code § 4.28.100; *see also Boes v. Bisiar*, 94 P.3d 975, 978

25  (Wash. Ct. App. 2004). To serve a resident defendant by publication, a plaintiff must mail a copy

26  of the summons and complaint to the defendant's residence and file an affidavit with the court

1    stating that (1) the defendant cannot be found in the state, (2) that the plaintiff has mailed a copy

2    of the summons and complaint to the defendant's residence, and (3) that the defendant has either

3    left the state or has kept himself or herself concealed to avoid service or defraud creditors. Wash.

4    Rev. Code § 4.28.100(2). Then the plaintiff can publish the summons in a newspaper. *See* Wash.

5    Rev. Code § 4.28.110. Washington does not require a court to authorize service by publication.

6    *See id.;* Wash. Sup. Ct. Civ. R. 4(d)(3). Therefore, Plaintiffs' motions are unnecessary.

7         However, even if a court order were required, the Court would not authorize service by

8    publication here. If a defendant objects to attempted service by publication, the plaintiff must

9    prove that: (1) he used reasonable diligence to serve the defendant and (2) the defendant

10   concealed himself with the intent to evade service. *See Charboneau Excavating, Inc. v.*

11   *Turnipseed*, 75 P.3d 1011, 1014 (Wash. Ct. App. 2003). "Service by publication or mail is in

12   derogation of the common law and cannot be used when personal service is possible. Strict

13   compliance with the statute authorizing service by publication is required." *Rodriguez v. James-*

14   *Jackson*, 111 P.3d 271, 274 (Wash. Ct. App. 2005).

15        Plaintiffs previously alleged "considerable difficulty" in serving both Cypress Creek

16   Ventures, LLC and Samuel Adams after attempting to serve them once at a UPS store address in

17   Kirkland in September 2020. (Dkt. Nos. 24 at 2, 29 at 2–3.) Since then, they have performed a

18   "skip trace" on Samuel Adams, located his most recent address in Redmond, and mailed two

19   copies of the summons and complaint to the Redmond address. (*See* Dkt. Nos. 63 at 3, 64 at 3.)

20   One copy was returned as "refused." (*Id.*) In April 2021, Plaintiffs hired a King County Deputy

21   Sheriff who made one attempt to serve Samuel Adams personally at the Redmond address. (*See*

22   *id.*) The Deputy Sheriff reported that nobody answered the door, and when he called, Mr. Adams

23   "stated he was out of town with his team and would not be back for months and no one would be

24   able to accept service." (Dkt. Nos. 63 at 10, 64 at 10.)

25        Plaintiffs' single attempt to serve Mr. Adams at the Redmond address does not suffice to

26   show diligence or that Mr. Adams departed the state or concealed himself with the intent to

evade service. *See Boes*, 94 P.3d 975 (finding reasonable diligence where plaintiffs attempted service at an address listed on an accident report, checked telephone directories and conducted internet searches, hired a private investigator who checked police, utility, and voting records, and visited a woman with the same last name 10 times after she claimed she might be able to locate the plaintiff); *Parkash v. Perry*, 700 P.2d 1201, 1203 (Wash. Ct. App. 1985) (finding inadequate showing of diligence where plaintiff did not demonstrate efforts to contact defendant's employer or investigate neighbor's statement that defendant had moved); *Canal Ins. Co. v. Mengeste*, 2019 WL 2491951, slip op. at 2 (W.D. Wash. 2019) (finding failure to show reasonably diligent effort where plaintiff did not attempt to locate and serve defendant in Ethiopia after learning of his relocation). Although Mr. Adams's representations on the phone could suggest he is evading service, the fact that someone was present at the home to "refuse" the previous mailing suggests that Plaintiffs may be able to serve someone personally at that residence with additional diligence.

## III.        CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motions to serve Samuel Adams and Cypress Creek Ventures, LLC by publication.

DATED this 21st day of July 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C20-1116-JCC
PAGE - 4