THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DODO INTERNATIONAL INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD PARKER, *et al.*, <br><br> Defendants. | CASE NO. C20-1116-JCC <br><br> ORDER |

This matter comes before the Court on Attorney Geoffrey Evers' and Attorney Scott Schauermann's ("Counsel's") motion of to withdraw as counsel for Defendant Richard Parker. (Dkt. No. 99.) Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

An attorney may not withdraw an appearance in any case without leave of the court. LCR 83.2(b)(1). And to the extent leave is given, ordinarily, it must be no less than sixty days prior to the discovery cut-off. *Id.* However, the Court retains discretion to allow withdrawal at any time. *See Putz v. Golden*, 2012 WL 13019202, slip op. at 3 (W.D. Wash. 2012); *see also Washington v. Starbucks Corp.*, 2009 WL 10675531, slip op. at 1 (W.D. Wash. 2009) (allowing attorney to withdraw with less than sixty days remaining before the discovery cut-off date).

When evaluating a motion to withdraw, courts may consider a variety of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to

other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Russell v. Samec*, 2021 WL 3130053, slip op. at 1 (W.D. Wash. 2021) (internal citations omitted). But if a withdrawal will leave a party unrepresented, the motion must include the party's address and telephone number and must be served on the client and opposing counsel. LCR 83.2(b)(1).

Counsel seeks to withdraw based on their inability to contact Defendant and Defendant's failure to pay outstanding legal fees. (Dkt. No. 99 at 2.) Counsel has included Defendant's address, telephone number, and a certification confirming the motion was served on Defendant and on Plaintiff's counsel in compliance with LCR 83.2(b)(1). (*See id.* at 6; Dkt. No. 100 at 2.) Plaintiff, in opposition, argues the motion is untimely under the Local Rules because there is less than a month remaining before the discovery cut-off date. (Dkt. No. 101 at 3–4.)

Counsel indicates issues arose on or before September 20, 2022, when they informed Defendant that they planned to withdraw due to lack of payment and instructed Defendant to seek other counsel. (Dkt. No. 100 at 2.) Counsel delivered the same message again on October 12, 2022. (*Id.*) Counsel asserts they received no reply in either instance and argue that Defendant has "effectively cut off all communication." (*Id.*; Dkt. No. 102 at 2.)

In response, Plaintiffs argue withdrawal will prejudice *Defendant* due to the upcoming discovery cut-off and an upcoming deposition. (Dkt. No. 101 at 3.) They do not, however, argue that they will be prejudiced by the withdrawal. Moreover, Counsel has been reasonably diligent in their attempt to contact Parker and to mitigate prejudice, and trial is set for March 20, 2023. (Dkt. No. 88.) Furthermore, the Court is not convinced that withdrawal should be denied based on the schedule of proceedings given the financial burden on Counsel and the total absence of communication from Defendant.[1]

Accordingly, the Court GRANTS Defendant's attorneys' motion to withdraw. The Clerk

---

[1] If any of the parties believe the withdrawal of counsel will impact their ability to complete discovery by the cut-off date, they may move for an extension of deadlines as necessary.

ORDER
PAGE - 2

is DIRECTED to mail a copy of this order to Defendant Richard Parker, at 1220 Knollwood Circle, Anaheim, CA 92801.

DATED this 21st day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE